IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN J. FLOWERS, individually and )
as principle officer of The Ranch, *et al*., )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )        CASE NO. 2:11-cv-00832-MEF
                                    )
UNITED STATES DEPARTMENT OF         )
AGRICULTURE, *et al.*,              )
                                    )
        Defendants.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiffs in this case are Melvin Flowers, proceeding *pro se*, and The Circle

"F" Ranch (Ranch).  The defendants are the United States Department of Agriculture

(USDA); the Farm Service Agency, (FSA); David McCurdy, individually and in his

capacity as Farm Service Agency District Director for the USDA; Danny Lindsey,

individually and in his capacity as a Farm Loan Manager; Kathryne Richburg,

individually and in her capacity as a Farm Loan Officer; Patricia Rowan, individually and

in her capacity as a National Appeals Division (NAD) Hearing Officer; the USDA Civil

Rights Division and the USDA Litigation Department.

This case is before the court on the defendants' motion for summary judgment

filed January 24, 2012.[1]  Upon consideration of the motion for summary judgment and the

---

[1]Actually, the defendants filed a motion to dismiss which, because it was supported by matters
outside the pleadings, the court converted into a motion for summary judgment.  A district court
"generally must convert a motion to dismiss into a motion for summary judgment if it considers materials
(continued...)

plaintiffs' response, the court concludes that the motion is due to be granted without prejudice.

## I.  The Summary Judgment Standard

Under FED.R.CIV.P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of

---

[1](...continued)

outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir.2005).  Arguably, the defendants' motion was based on FED R. CIV. P. 12(b)(1), and, therefore, it was not necessary for the court to convert the motion.  However, along with the court's order advising the plaintiff of the motion for summary judgment, doing so gave the plaintiff a full opportunity to respond.  In a *pro se* case, that approach is better.

[2]In *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986), the court stated:

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

*Id.* at 324.

a genuine . . . [dispute]³ of material fact." *Id.* at 323.  The movant may meet this burden

by presenting evidence showing there is no dispute of material fact, or by showing that

the nonmoving party has failed to present evidence in support of some element of its case

on which it bears the ultimate burden of proof.  *Id.* at 322-324.  If the movant succeeds in

demonstrating the absence of a material issue of fact, the burden shifts to the non-movant

to establish, with evidence beyond the pleadings, that a genuine issue material to the

non-movant's case exists. *See  Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th

Cir.1991); *see also* FED.R.CIV.P. 56(e).  ("When a motion for summary judgment is

made and supported ... an adverse party may not rest upon the mere allegations or denials

of [his] pleading, but [his] response ... must set forth specific facts showing that there is a

genuine issue for trial.").  What is material is determined by the substantive law

applicable to the case.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  A

dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id.* at 248 (1986).  The non-movant "must do

more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the

---

³Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id.*  "'Shall' is also restored to express the direction to grant summary judgment." *Id.*  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995)*; Peppers v. Coates*, 887 F.2d 1493 (11th Cir.1989). However, *evidence* presented by the nonmovant must be believed and all justifiable inferences must be drawn in favor of the nonmovant.[4] *Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c)*.*

## II. Discussion

Flowers, who is African-American, alleges that in October 2010, acting as the principle officer of the Ranch, he applied for a "beginning farmer" direct loan from the Farm Service Agency for annual operating expenses and the purchase of a tractor, a two row planter and cows. In November 10, 2010, Flowers was notified that this loan application was rejected on the basis of Flower's credit unworthiness. Flowers requested a hearing which was granted. Flowers laments that the hearing was held before an all white review panel which did not change the denial decision. Flowers alleges that he

---

[4]"[W]hat is considered to be the 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996).

exhausted "every remedy" for appeal provided by the FSA.

Generally, Flowers alleges that FSA's denial of a loan was violative of his civil rights.[5]  Eschewing the opportunity to raise a multitude of immunity defenses, the defendants premise their motion for summary judgment on a regulatory fact of life found in 7 C.F.R. § 764.51(a) which states

> A loan application must be submitted in the name of the actual operator of the farm. Two or more applicants applying jointly will be considered an entity applicant. The Agency will consider tax filing status and other business dealings as indicators of the operator of the farm.

The defendants contend that the actual operator of the farm for which Flowers made the loan application is The Circle "F" Ranch.  It is undisputed that the Ranch is set up as a Subchapter S corporation[6] with Flowers as the only shareholder.  On the other

---

[5]More specifically, Flowers first alleges that the FSA's failure to follow its regulations requiring that it "discuss" his lack of credit worthiness with him and give him an opportunity to explain before denying him the loan deprived him of due process.  Flowers next alleges that the failure of FSA to discuss and allow him to explain was racially discriminatory because "similarly situated Caucasians are allowed to offer an explanation of their uncreditworthiness 'before' they are denied a loan and then are approved as an exception."  Flowers further alleges that the appeal hearing panel's upholding of the loan denial violated his right to due process because the panel did not consider the extenuating circumstances presented by him concerning his identity theft, the deep recession, emergency repairs to his home, roof siding, vehicle, home invasion thefts which resulted in loss of cell phone, computer, TV, theft of mailbox, all which contributed to his lack of creditworthiness which was out of his control.

The remaining federal causes of action are restatements of his due process, equal protection and racial discrimination claims as well as a claim that the defendants' actions were a violation of the Federal Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*  Flowers also alleges state law claims of fraudulent suppression, negligence, and negligent hiring and supervision.

[6]Subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1361-1379, permits qualifying corporations to avoid taxation at the corporate level by electing a system of taxation whereby the company's income is taxed directly to the corporation's shareholders, on a pro rata basis. 26 U.S.C. § 1366. Thus, the income, losses, deductions and credits of the S corporation are itemized on the individual tax returns of the company's shareholders. *Id.*

5

hand, Flowers contends that he made application for the loan in his own name individually as well as on behalf of the Ranch.  That factual dispute - in whose name the loan application was made - does not preclude summary judgment because both the law and the undisputed facts show that the Ranch must be the loan applicant entity.

As reflected above, the applicable regulations require that the application for a loan must be made in the name of the actual operator of the farm.  The undisputed evidence before the court shows that the Ranch was incorporated for the purpose of leasing property from Derrick and Melvin Flowers "to operate a 5 acre produce farm and a 100 head cattle rance, with 9 acre hayfield, and two acres of corn."  (Defs' Ex. 2, doc. # 25-3, at 2)  On October 22, 2010, a corporate resolution of the Ranch was adopted which authorized Melvin Flowers "to apply for loans from the Farm Service Agency in the name above of the corporation."  (Defs' Ex. 6, doc. # 25-7, at 2) In short, the undisputed evidence shows that as a matter of law the Ranch is the entity which will operate the farm and, therefore, is the entity which must apply for the loan from FSA in accord with its regulations.

Flowers argues that he also individually made application for the loan and is entitled to raise with the court his challenges to FSA's alleged violations of his civil rights.  *See* Motion to Correct Misrepresentation of Facts, doc. # 24.  The problem with this argument is that regardless of what Flowers thought he was doing, his beliefs do not allay the reality that the loan must be applied for in the name of the entity which will

6

operate the farm, and, as explained above, that must be the Ranch.[7]

That brings the court to the crux of this case. FED R. CIV. P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." *Id.* It also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.* Here, of course, the real party in interest is the Ranch because it is only the Ranch which has a legal interest adversely affected by the denial of the loan.[8]

It is correct that in this case the Ranch is a named party; however, the Ranch is not represented by counsel. As correctly pointed out by the defendants, the rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

On November 1, 2011, the court entered an order affording the Ranch time to secure representation by counsel. (doc. # 12) Even after an extension of time, (doc. # 14)

---

[7]Flowers argues that both he and the Ranch applied for the loan and are joint applicants. That argument fails for the reason as explained in the body of the Recommendation that Flowers' actions were authorized by the Ranch in its corporate form. Flowers was an agent of the Ranch.

[8]Of course, the loan was denied on the basis of Flowers' lack of credit worthiness. But that does not give Flowers a protectable interest. Pursuant to 7 C.F.R. § 764.51(b)(2)(ii) the FSA is authorized to request and, therefore, consider a personal financial statement from each member of the entity.

no counsel ever appeared in this case on behalf of the Ranch.  The real party in interest is the Ranch, and this case cannot proceed until and unless the Ranch is represented. Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 19, 2012**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of September, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE